**POLK v. CITY OF NAPLES.**

No. 76-0331-CA-01-HSS.

Circuit Court, Collier County.

November 15, 1976.

Michael D. Martin, Lakeland, for the plaintiff.

Charles K. Allen, City Attorney, for the defendant.

HAROLD S. SMITH, Circuit Judge.

*Summary judgment:* This cause came on to be heard before the court on a motion for summary judgment filed by the plaintiff and a motion for summary judgment filed by the defendant. The court, having considered the pleadings, affidavits and depositions taken as well as the applicable law, makes the following findings —

On the 15th day of November, 1972, the city of Naples passed, in open and regular session of the city council, a zoning ordinance which dealt with signs. The ordinance, number 1822, provides, at Subsection E, the following —

*Permitted signs:* Only the following signs are permitted:

(1)  Exempt signs.

(2)  Two Class "A" signs per street, fronted upon by each place of business or other establishment in zones F, F-a, G, G-a, H, I, J, J-a, J-b, K, K-a, M and O. (See Gasoline Service Station regulations for special sign regulations applying thereto).

(3)  Directional signs.

(4)  Temporary signs may be authorized under the Temporary Use Permit procedure. (See Supplementary District Regulation 27).

(5)  Where a single commercial structure or building complex contains two separate businesses, only one ground sign will be permitted. Such ground sign is not to exceed sixty-four (64) square feet in size. For each additional business complex, said sign may be increased by five (5) square feet.

On March 10, 1976, plaintiff, through his agent, applied for a construction permit to construct a poster panel billboard on real property that plaintiff had leased in the city of Naples. The city of Naples refused to issue plaintiff a construction permit for erection of a 12 by 25 foot poster panel for the reason that the aforementioned city ordinance does not allow the erection of such a sign. In refusing to grant a construction permit to plaintiff, the defendant relied upon the permitted use section of zoning ordinance 1822.

The site for which plaintiff sought a construction permit is located at Goodlet Road in Naples. The real property in question is located in an industrial zone designated "K." Commercial ventures are allowed in zone "K."

The effect of this ordinance and the city's construction and application of it is to prohibit anyone from erecting within the city non-point-of-sale advertising signs without relation to whether the same are in a residential, commercial or industrial zone.

There is no dispute between the parties regarding the fact that the city's sign ordinance prohibits non-point-of-sale advertising so that the issue before the court devolves into one purely of law.

This court finds most compelling the reasoning contained in Herbert L. Polk v. County of Hardee, Case No. GA-G-75-135, wherein Judge William A. Norris, Jr., in a tenth judicial circuit court decision, delivered February of this year, stated as follows —

> "The court has considered whether or not paragraph six of the sign limitations stating simply 'no billboards shall be allowed' is unconstitutional on its face as being arbitrary and unreasonable. To be valid, an ordinance must be reasonably related to the health, moral, safety or general welfare of the community. An essential limitation upon the exercise of police power is that the law be reasonably necessary and reasonably exercised. If under the guise of a police regulation an ordinance, in reality, amounts to an invasion of the property rights of individuals, the court has the duty to invalidate the ordinance. The validity of an ordinance enacted pursuant to police power depends on whether the challenged provision is a regulation or prohibition. There can be no doubt, and the court so finds, that the phrase 'no billboards shall be allowed' is an outright prohibition. In the exercise of police powers a county or municipality may create reasonable classifications, however, these classifications must have some relation to the object of the power. An inspection of this ordinance convinces the court, and the court finds, that the classification made in the challenged section relating to the outright prohibition of bill-

boards is arbitrary, capricious and prohibitive on its face. *Town of Miami Springs v. C. E. Scoville*, 81 So.2d 188 (Fla. 1955). *Stengel v. Crandon*, 23 So.2d 835 (Fla. 1945). *Forde v. City of Miami Beach*, 1 So.2d 642 (Fla. 1941). *Blitch v. City of Ocala*, 195 So. 406 (Fla. 1940)."

This court has also considered *Sunad, Inc. v. City of Sarasota*, 122 So.2d 611 (Fla. 1960), as well as other decisions cited by the plaintiff and defendant.

It is, therefore, ordered and adjudged that the city of Naples zoning ordinance 1822, to the extent that it prohibits non-point-of-sale advertising signs, is unconstitutional on its face as a denial of due process, and the defendant and its successors are hereby permanently restrained and enjoined from the enforcement thereof.

It is further ordered and adjudged that the defendant shall cause the appropriate construction permits to be issued to the plaintiff forthwith.